IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS MARTINEZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 11 C 1794 |
| COOK COUNTY, a municipal corporation, THOMAS DART, Sheriff of Cook County, in his official capacity, OFFICER MCKNIGHT, Star # 4080, | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Douglas Martinez ("Martinez") filed suit against Cook County, Sheriff Thomas Dart, and Officer McKnight (collectively, "Defendants"), alleging he was injured by inmates at the Cook County Department of Corrections ("the CCDOC") as a result of Defendants' failure to adequately supervise the facility in violation of 42 U.S.C. § 1983 *et seq*. Martinez seeks to compel discovery of documents requested in his November 23, 2011 Notice to Produce. For the reasons stated below, Martinez's Renewed Motion to Compel Discovery is granted in part and denied in part.

## STATEMENT OF FACTS

On November 23, 2011, Martinez sent Defendants a Notice to Produce various documents through discovery. The Notice included requests for the following: (1) a letter produced by the Department of Justice's Civil Rights Division and the United States Attorney's Office ("the DOJ Letter")[1] (Pl. Notice, ¶ 14);[2] (2) various documents and correspondences

---

[1] The DOJ Letter was issued on July 11, 2008 subsequent to an investigation of the CCDOC under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 ("CRIPA"). The investigation examined CCDOC

1

related to or cited within the DOJ Letter (collectively, "Related Documents")³ (Pl. Notice, ¶¶ 15–21); (3) "tier sheets" for Tier 2A of Division XI of the CCDOC and the two tiers directly above and below Tier 2A for the one-year period ending April 25, 2010 (Pl. Notice, ¶ 22.); and (4) documents related to jail funding and staffing at the CCDOC. (Pl. Notice, ¶ 23–24.) On April 14, 2012, after repeated assurance from Defendants that the documents would be provided, Martinez sent a compliance letter to Defendants. Within a week, Defendants produced to Martinez, via e-mail, numerous documents that partially complied with Martinez's Notice to Produce. Defendants assured Martinez that full compliance was forthcoming.

In either March or April, 2012, Defendants learned that Martinez did not need tier sheets for Tier 2A of Division XI, but rather tier sheets for Tier 2A of Division VI. Martinez requested that Defendants conduct a second search for tier sheets, this time for Tier 2A of Division VI. Sheriff Dart's office complied with Defendants' new request by producing copies of the Division VI tier sheets on August 9 and August 15, 2012. Upon receiving the tier sheets, Martinez informed Defendants that he had mistaken tier sheets for log sheets, and orally changed his request for a second time, this time asking for log sheets pertaining to Division VI for the one year period ending April 25, 2010. Defendants state they are currently in the process of making

---

operations, including "use of force, corrections, correctional medical care, correctional mental health care, fire and safety, and environmental health." *United States v. Cook County et al*, No. 1:10-cv-2946, Dkt. No. 3, ¶ 2. The DOJ Letter concluded that certain conditions at the CCDOC violated the constitutional rights of individuals confined there. *Id.* at ¶ 1.

²Throughout this Opinion, the Court refers to Martinez's November 23, 2011 Notice to Produce (Dkt. No. 56, Ex. A) as follows: "Pl. Notice ¶ __."

³Martinez is already in possession of the DOJ Letter, which is accessible as a public record. However, he seeks production of the copy of the letter delivered to Sheriff Dart "to avoid authenticity and notice issues." The Related Documents, which include a joint status report, post analysis reports, divisional staffing reports, and weekly divisional reports are not part of the public record.

arrangements for an inspection at Division VI, where Martinez's counsel will be allowed to review the requested log sheets and copy what he feels is necessary for discovery.

Meanwhile, between July 26 and September 4, 2012, Defendants formally responded to Martinez's Notice to Produce and the parties were able to work through several other discovery issues. Defendants did not, however, produce the DOJ Letter, Related Documents, or documents pertaining to jail funding and staffing. Martinez seeks an Order compelling Defendants to produce the DOJ Letter, Related Documents, and information related to funding and staffing in Cook County prisons. Martinez asserts that Defendants, by failing to timely object, have waived all objections to his requests. Defendants maintain their objections are timely because delays in the discovery process were occasioned by both parties, and are partially attributable to Martinez's shifting discovery requests. Defendants further assert that the DOJ Letter and Related Documents are inadmissible, unlikely to produce admissible evidence at trial, and irrelevant. Lastly, Defendants argue that Martinez's request for production of divisional staffing reports, post analysis reports, and weekly divisional reports are overly vague.

## **STANDARD OF REVIEW**

The federal notice pleading system contemplates that parties will have broad discovery to investigate the facts and to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993). Accordingly, Federal Rule of Civil Procedure 26(b)(1) gives broad power to discover information "regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id. See also Oppenheimer*, 437 U.S. at 351 (information is relevant if it "bears on" or might

3

reasonably lead to information that "bears on" any material fact or issue in the action); *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 369 (7th Cir. 2011). Because discovery is concerned with "relevant information"—not "relevant evidence"—the scope of relevance for discovery purposes is necessarily broader than it is for trial evidence under Federal Rule of Evidence 401. *See, e.g., Konica Minolta*, 639 F.3d at 369 (EEOC subpoena); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002) (EEOC subpoena) (citing *United States v. Arthur Young & Co.*, 465 U.S. 805, 814) (1984) (IRS subpoena)). However, liberal discovery does not mean unlimited discovery, *Oppenheimer*, 437 U.S. at 351–52, and Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and dictate its sequence. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Motions to compel discovery are governed by Federal Rule of Civil Procedure 37, which requires the movant to certify that it has tried in good faith the resolve the discovery dispute without court interference. Fed.R.Civ.P. 37(a)(1). Furthermore, under Local Rule 37.2, the moving party must show that (1) after consultation in person or by telephone and good faith attempts to resolve differences the parties are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. L.R. 37.2. District courts enjoy broad discretion when considering motions to compel, *Packman v. Chicago Tribune Co.*, 267 F3d 628, 646 (7th Cir. 2001), and have "consistently adopted a liberal interpretation of the discovery rules." *See, e.g., Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (*quoting Wilstein v. San Tropai Condominium Master Assoc.*, 189 F.R.D. 371, 375 (N.D. Ill. 1999)).

**DISCUSSION**

Martinez has satisfied the requirements of Federal Rule of Civil Procedure 37 and has complied with Local Rule 37.2. First, Martinez has demonstrated he made good faith efforts to resolve discovery issues with Defendants before filing his Renewed Motion to Compel. Martinez provided a detailed timeline of his communication with Defendants' counsel, dates on which Defendants' counsel partially complied with Martinez's request, and explained the extent to which Defendants have not complied. Accordingly, Martinez's Renewed Motion to Compel is properly before the Court.

I. **Timeliness of Defendants' Objections**

Under Federal Rule of Civil Procedure 34(b), which governs the production of documents and electronically stored information, a party must respond in writing to a request for documents within 30 days of being served. Fed.R.Civ.P. 34(b)(2)(A). A party's failure to timely object to discovery requests without demonstrating good cause for the delay may result in a waiver of all objections that could otherwise have been asserted.[4] *See Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992)). *See also*; *Hobley v. Burge*, No. 03-3678, 2004 WL 1687005, at *2 (N.D. Ill. July 26, 2004) (applying waiver rule to discovery objection

---

[4] Unlike Federal Rule of Civil Procedure 33, which governs interrogatories, Rule 34 does not expressly provide that objections will be waived if not set forth in a timely response. However, courts have generally recognized that Rule 33's automatic waiver provision applies to Rule 34 as well. *See, e.g., Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 n.2 (N.D. Ill. 2006) ("The advisory committee notes to Rule 34(b), state that '[t]he procedure provided in Rule 34 is essentially the same as that in Rule 33 . . . and . . . the discussion in the note appended to that rule is relevant to Rule 34 as well.' The advisory commitee's notes to the 1993 amendments to Rule 33(b) provide that it was intended 'to make clear that . . . untimely grounds for objections ordinarily are waived.' ")

based on privilege); *Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335 (N.D. Ill. 2001) (same).

Here, Martinez sent his initial Notice to Produce in November of 2011. While Martinez's discovery requests with respect to CCDOC tier sheets changed significantly in April and again in August of 2012, Martinez made no changes to his requests for the DOJ Letter or Related Documents. Nor did he make changes to his request for information pertaining to the CCDOC's staffing and funding. Therefore, any confusion on Martinez's part with respect to other discovery materials did not preclude Defendants from raising objections to these documents in the nine months before Martinez filed his first Motion to Compel.

With respect to Martinez's request for prison staffing information, Defendants became aware that Martinez wanted documents pertaining to Division VI instead of Division XI as early as March or April of 2012. This means Defendants had at least three months to object to Martinez's request for jail staffing information for Division VI.[5] Defendants did not raise objections during these broad time frames. Accordingly, the Court finds that Defendants have waived their objections to Martinez's Notice to Produce the DOJ Letter (Pl. Notice, ¶ 14), Related Documents (Pl. Notice, ¶¶ 15–21), and CCDOC prison staffing and funding information (Pl. Notice, ¶¶ 23–24). *See, e.g., Davis v. City of Springfield*, 04-3168 and 07-3096, 2009 WL 268893, at *3 (C.D. Ill. Jan. 30, 2009) (two month delay in asserting objections, with no proffered explanation, amounted to waiver); *Lock Realty Corp v. U.S. Health L.P.*, 3:06-CV-

---

[5]The Court notes that the March/April modification to Martinez's request for jail staffing information changed only the Division to which the request pertained. While this modification would explain a delay by Defendants in *producing* the documents, it offers scant justification for Defendants' delay in *objecting* to their production. Defendants were clearly on notice as early as November of 2011 that Martinez sought the production of staffing information for *some* division of the CCDOC. They did not object to that request. The Court finds no reason—and Defendants offer none—for why a request related to Division VI would suddenly draw Defendants to an objection when a request related to Division XI apparently did not.

6

487RLM, 2008 WL 4372411, at *2 (N.D. Ind. Sep. 22, 2008) (objections raised nearly a month-and-a-half after the were due were waived); *Alloc, Inc. v. Unilin Decor N.V.*, 02-C-1266, 2006 WL 2583431 (E.D. Wis. 2006) (objections raised to discovery requests six months after requests were made were untimely and waived).

The Court finds Defendants' objections to Martinez's request for log sheets pertaining to Tier 2A of Division VI timely. Defendants were only made aware that Martinez required log sheets instead of tier sheets on August 15, 2012, less than three weeks before Martinez filed the Motion before this Court. However, the Court does not find it necessary to compel the production of these documents, as Defendants represent in their response brief that they are in the process of making arrangements for an inspection at Division VI where Plaintiff's counsel can inspect the requested log sheets and copy what he feels is necessary for discovery. Therefore, Defendants' objection with respect to paragraph 22 of Martinez's Notice to Produce is not waived.

## II.  Documents Requested by the Plaintiff are Discoverable

Notwithstanding whether Defendants' objections are timely, the DOJ Letter, Related Documents, and information pertaining to jail funding and staffing are discoverable. Rule 26 allows discovery "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed.R.Civ.P. 26(b)(1). It cannot be seriously doubted that the DOJ Letter, Related Documents, and prison funding and staffing information may lead to the discovery of admissible evidence. According to Martinez's Notice, the DOJ Letter refers to: (1) correspondence notifying the CCDOC of "life-threatening deficiencies in sanitation and safety measures at [Cook County Jail]," (2) Divisional Staffing Reports, and (3) instances of cross watching during the DOJ's visit to the CCDOC. (Pl. Notice, ¶¶ 15, 20–21.) Martinez's Amended Complaint alleges a violation

7

of constitutional rights based on the CCDOC's failure to ensure the safety of its inmates through adequate supervision. Presumably, Martinez seeks to show that a shortage in funding forced the Sheriff to cut corners with respect to inmate supervision, creating dangerous, constitutionally offensive conditions that allowed Martinez to be attacked and injured by his fellow inmates. Under this theory, it is difficult to conceive how his request is *not* reasonably calculated to lead to the discovery of admissible evidence. Documents suggesting the CCDOC was underfunded or understaffed would go to the heart of Martinez's claim – that Sheriff Dart was engaging in cross-watching because the County is underfunding the jail.

Defendants nevertheless object, arguing that the source of information and other circumstances, including the fact that the DOJ Letter is not subject to judicial review, demonstrate the letter and Related Documents lack trustworthiness and are therefore inadmissible under Federal Rule of Evidence 803(8).[6] The law does not support Defendants' position.

First, Defendants' objections based on Rule 803(8) speak to the admissibility of the DOJ Letter and Related Documents at trial, not whether they are discoverable in the first place.[7]

---

[6] Federal Rule of Evidence 803(8) allows for the admission of "[a] record or statement of a public office if it sets out . . . a matter observed while under a legal duty to report . . . or[,] in a civil case[,] factual findings from a legally authorized investigation; and neither the source of information or other circumstances indicate a lack of trustworthiness." Fed.R.Evid. 803(8).

[7] While the Court need not rule on whether the DOJ Letter's would be admissible at trial, it notes that courts have found Department of Justice letters of this exact type, when relevant, admissible under Federal Rule of Evidence 803(8). *See Shepherd v. Dallas County*, 591 F.3d 445, 456–457 (5th Cir. 2009) (finding DOJ report admissible under FRE 803(8) and not unfairly prejudicial under FRE 403)); *Bonilla v. Jaronczyk*, 354 Fed. Appx. 579, 583 (2d Cir. 2009) (acknowledging that DOJ letter may be admissible under Rule 803(8), but upholding exclusion of the letter on relevance grounds); *Roland v. Johnson*, No. 90-1343, 1991 WL 84346, at *2 (6th Cir. 1991) (DOJ report admitted under FRE 803(8) to help jury determine whether prison authorities acted with deliberate indifference); *Wilks v. Stowers*, No. C07-2084 MJP, 2010 WL 2104153, at *9 (W.D. Wash. May 25, 2010) (admitting DOJ report under FRE 803(8)). *But see Johnson v. Baker*, No. 1:08-CV-00038, 2009 WL 3486000, at *2–3 (DOJ letter "contain[ing] no factual findings, details, or explanations" inadmissible under Rule 803(8)(C)).

Again, the scope of what is discoverable under Rule 26 is necessarily broader than the scope of what is admissible under the Federal Rules of Evidence, and Rule 26 makes explicit that "[r]elevant information [for civil discovery purposes] need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Konica Minolta*, 639 F.3d at 369 (quoting Fed.R.Civ.P. 26(b)(1)). Second, Defendants' argument conceives too narrowly Martinez's potential uses for the letter. Even if the letter were, for the sake of argument, inadmissible under Rule 803(8), Martinez may seek to offer it for a purpose other than to prove the truth of the matters asserted therein. Indeed, courts in this District have found the very DOJ Letter at issue in this case admissible to prove notice in official capacity claims. *See, e.g., Talley v. Dart*, No. 08 C 5485, 2012 WL 1899393, at *5 (N.D. Ill. May 24, 2012) (Feinerman, J.) (considering the July 2008 DOJ Letter on summary judgment not for the truth of the matters asserted, but "for the fact that the . . . defendants had been placed on notice by DOJ in July 2008 of possible problems with the provision of medical care and the processing of medical grievances"); *Byron v. Dart*, 825 F. Supp. 2d 958, 963–64 (N.D. Ill. 2011) (Castillo, J.) (citing the DOJ Letter on a motion to dismiss as having put Sheriff Dart and other jail officials on notice that jail doors were malfunctioning, creating a safety risk for detainees).

Defendants' objection that the DOJ Letter cannot be judicially reviewed, if timely, would also fail. This argument seeks simply to reinforce Defendants' position that the letter lacks trustworthiness and is therefore inadmissible under FRE 803(8). Again, the Court need not address the letter's admissibility at trial at this stage in the proceedings. Defendants' assertion that the conclusions in the DOJ Letter are "inherently one-sided" because "the Department of Justice investigators are not subject to any sort of judicial review" may be considered by the Court when dealing with the admissibility of the letter at trial. For the purposes of Martinez's

Renewed Motion to Compel, however, the Court is concerned only with whether the DOJ Letter and Related Documents are privileged, whether they are reasonably calculated to lead to the discovery of admissible evidence, and whether their production would unnecessarily burden the producing party. Fed.R.Civ.P. 26(b). Based on these considerations, the DOJ Letter and Related Documents are discoverable.

Finally, Defendants object to Martinez's request for the CCDOC's post analysis reports, divisional staffing reports, and weekly divisional reports (Pl. Notice, ¶¶ 19–20.) According to Defendants, these requests do not indicate which specific CCDOC reports would pertain to Martinez's theory of cross-watching and are thus overly vague. The record before the Court does not support that position. First, Martinez's Notice cites to the exact page of the DOJ Letter referencing the requested documents. Second, the requests appear to parrot the exact language from the DOJ Letter, which leaves little room for confusion over which documents are being requested. Third, Martinez's request is limited temporally, asking only for post analysis and divisional staffing reports for April through June 2007 and weekly divisional reports from February 26, 2007 through July 31, 2007. The Court finds this level of specificity sufficient.

## CONCLUSION AND ORDER

For the reasons stated, Martinez's Renewed Motion to Compel is granted with respect to paragraphs 14-21 and 23-24 of Martinez's Notice to Produce, and denied with respect to paragraph 22 of Martinez's Notice to Produce.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 12, 2012